IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEIF CHRISTOPHER HASLAG,<br>　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | Case No. 2:23-cv-04014-SRB |

**MOVANT'S MOTION FOR A NEW TRIAL OR, ALTERNATIVELY,
TO AMEND THE JUDGMENT AND
<u>ISSUE A CERTIFICATE OF APPEALABILITY</u>**

Movant Leif Haslag moves the Court under Fed. R. Civ. P. 59(a) to set aside its judgment issued on June 9, 2023, and order an evidentiary hearing on his § 2255 motion. Alternatively he moves the Court under Rule 59(e), Fed. R. App. P. 22(b), and 28 U.S.C. § 2253(c) to amend its judgment and issued a certificate of appealability. In support, Mr. Haslag states:

<u>Summary</u>

- The Court incorrectly analyzed all allegations in Mr. Haslag's *pro se* motion as a single claim of ineffective assistance of counsel and applied the incorrect legal standard to his conflict-of-interest claim as a result. (pp. 3-4)

- The Court erroneously ruled that Mr. Smith's failure to timely seek a proffer was not ineffective assistance of counsel is not a facially sufficient ineffective assistance of counsel claim because it failed to consider allegations in Mr. Haslag's § 2255 reply and incorrectly deems a well-pleaded fact a conclusory allegation. This requires an evidentiary hearing. (pp. 5-7)

- If the Court disagrees an evidentiary hearing is warranted, it should grant a certificate of appealability to permit the Eighth Circuit to weigh in on a novel issue of Sixth Amendment law. (pp. 8-9)

1

## Argument

**A.   Introduction**

Mr. Haslag filed his *pro se* § 2255 motion seeking to set aside his conviction and sentence on one count each of possession with intent to distribute methamphetamine and possession of a firearm after prior felony convictions (Crim. Doc. 72).  After the government filed its response, Mr. Haslag retained counsel, who filed reply suggestions clarifying the scope of Mr. Haslag's motion (Docs. 6, 8, 17).  Within an hour of Mr. Haslag's reply, the Court denied Mr. Haslag's motion without an evidentiary hearing (Doc. 18).  Mr. Haslag now seeks a new trial or an amendment of that judgment to enter a certificate of appealability.

Mr. Haslag's § 2255 motion pleaded facts that, taken as true, would entitle him to relief in two respects: (1) he asserted Mr. Smith had a conflict of interest because he took payment and direction from Mr. Haslag's parents, who had interests adverse to Mr. Haslag's own; and (2) Mr. Smith's failure to timely seek a proffer session with the Government foreclosed the reasonable probability of a more favorable plea offer to Mr. Haslag.  The Court denied Mr. Haslag's motion in part because it held his allegations were too conclusory to warrant relief and failed to show Mr. Smith's actions "were not strategic, made without thorough investigation, or were otherwise unreasonable" (Doc. 18 at 6).

This Court now should set aside its judgment and hold the evidentiary hearing Mr. Haslag requested because it (1) failed to consider Mr. Haslag's conflict-of-interest claim under the correct standard, and (2) applied too strenuous a standard to Mr. Haslag's claim regarding Mr. Smith's failure to timely seek a proffer session.  Alternatively, the Court should amend its judgment to grant Mr. Haslag a certificate of appealability because he has sufficiently stated a claim for a deprivation of his constitutional right to counsel.

**B.  The Court's order denying Mr. Haslag's conflict-of-interest claim without an evidentiary hearing fails to evaluate the issue under the correct legal standard.**

In its judgment, the Court considers Mr. Haslag's motion as presenting one ground for relief based on ineffective assistance of counsel (Doc. 18 at 4) (characterizing Mr. Haslag's motion as presenting one "Ground for relief" of ineffective assistance of counsel for "various reasons").  It then recited the general standard of review for ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. 18 at 5).  But this improperly characterized Mr. Haslag's motion as presenting a single ground for relief.  As a result, the Court misapplied the law.

A claim of ineffective assistance of counsel must allege a "*specific* error[]" by counsel warranting relief.  *Monroy v. White*, 124 F.3d 212, 1997 WL 572190, *2 n.1 (9th Cir. 1997) (Tab.); *see also United States v. Cronic*, 466 U.S. 648, 666 n.41 (1984) (explaining an ineffective assistance of counsel claim faulting counsel's "overall performance" is judged under a different standard than a claim attacking "particular errors or omissions").  This Court erroneously treated all the facts Mr. Haslag pleaded as a single, collective claim of ineffective assistance of counsel.  This error led the Court to apply the wrong standard to Mr. Haslag's conflict-of-interest claim.

Mr. Haslag's motion explained his trial counsel, Greg Smith, defied Mr. Haslag's express instruction not to speak with his parents about the case by not only accepting payment from them, but taking direction from them, too (Doc. 1 at 12-13).  His reply clarified that this amounted to a claim Mr. Smith was constitutionally ineffective because he operated under a potential or actual conflict of interest (Doc. 17 at 3-4).

The Court's judgment treats these facts as part of a single claim of ineffective assistance of counsel and accordingly analyzes them under the two-prong

3

*Strickland* test. But this was in error, as for a claim of ineffective assistance of counsel premised on a conflict of interest a different standard applies.

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). The adverse effect must be "actual and demonstrable, causing the attorney to choose to engage or not to engage in particular conduct." *Noe v. United States*, 601 F.3d 784, 790 (8th Cir. 2010). Notably, a movant who can meet this "adverse effect" test "need not demonstrate prejudice in order to obtain relief." *Cuyler*, 446 U.S. at 349-50. Instead, proving counsel labored under an actual conflict of interest which had an adverse effect on his representation is sufficient to set aside a conviction. *Id.* at 350.

Taken as true, the facts Mr. Haslag stated in his § 2255 motion give rise to a viable claim of ineffective assistance of counsel under this standard, at the very least warranting an evidentiary hearing. The motion pleaded facts that, taken as true, establish Mr. Smith followed direction from Mr. Haslag's parents, who had interests directly adverse to Mr. Haslag's own wishes (Doc. 1 at 12-13). And this adversely affected Mr. Haslag because it caused Mr. Smith to delay or altogether forego a timely proffer session with the Government when the relevant information in Mr. Haslag's possession was most useful. Under *Cuyler*, these facts were sufficient to warrant an evidentiary hearing. The Court should set aside its judgment on this issue, apply the correct legal standard, and grant Mr. Haslag an evidentiary hearing to prove the facts set forth in his motion.

C. **Mr. Haslag's allegations that Mr. Smith failed to timely seek a proffer session with the Government and the subject information became stale as a result are sufficient to warrant an evidentiary hearing on the issue.**

The Court also held Mr. Haslag failed to plead a sufficient claim of ineffective assistance of counsel on the proffer issue because he "fails to show how any alleged delay by attorney Smith [to seek a proffer session] prejudiced him" and "merely alleges, while some prosecutors were interested in his testimony, his testimony became stale due to attorney Smith's delays" (Doc. 18 at 6). It goes on to hold Mr. Haslag "fails to allege what information he could have said at the proffer meeting … or that any delay in proffering said information was due to attorney Smith. [Mr. Haslag]'s conclusory allegations will not sustain a claim of ineffective assistance of counsel" (Doc. 18 at 6-7).

Holding these allegations were insufficient to warrant even an evidentiary hearing on the issue was error. Rather, Mr. Haslag's reply clarified the information he was prepared to proffer at the time and the very allegation the information became stale meets the prejudice prong of an ineffective assistance of counsel claim.

The Court faulted Mr. Haslag for not providing information in his § 2255 motion on the exact information he was prepared to proffer, but makes no mention of the fact this information *was* included in his reply (Doc. 17 at 8-9). As Mr. Haslag explained there, he was prepared to proffer valuable information on two other federal defendants facing drug trafficking charges at the time Mr. Smith represented him. *See United States v. Mitchell Krieg*, Nos. 2:19-cr-04055 and 2:21-cr-04068 (W.D. Mo.); *United States v. John Henry*, 4:19-cr-00850 (E.D. Mo. 2019). Mr. Haslag's reply also explained he had information on multiple Missouri state court defendants, including three different murder defendants. *See State v. Buddemeyer*, No. 18GA-CR00409-01; *State v. Lewis*, No. 18GA-CR00408-01; *State v. Schrimpf*, No. 19AC-CR03081. The Court should set aside its judgment denying §

2255 relief and grant an evidentiary hearing giving Mr. Haslag an opportunity to prove why Mr. Smith's failure to seek a proffer of this information was detrimental to his plea negotiations.

The Court also concluded Mr. Haslag's motion made only "conclusory allegations," which are generally insufficient to plead a claim of ineffective assistance of counsel (Doc. 18 at 7). The Court relies on *Hollis v. United States*, 796 F.2d 1043 (8th Cir. 1986), to support this holding, but that case is not analogous. There, a defendant argued "he relied to his detriment on statements and promises made by the court during a hearing" shortly after his indictment and before he pleaded guilty. *Id.* at 1043, 1046. But his § 2255 motion failed "to specify what kind of statements or promises were made or how he was prejudiced" and "the record reveal[ed] nothing about the[] alleged statements and promises." *Id.* at 1046. So, the Eighth Circuit upheld the district court's denial of the motion on the issue because "vague and conclusory allegations" cannot sustain a claim for post-conviction relief. *Id.*

Mr. Haslag's § 2255 motion contained more than the unspecified statements or promises to which the inmate in *Hollis* alluded. The motion explained he asked Mr. Smith to schedule a proffer session during Mr. Smith's representation, Mr. Smith did not do so, and the information became stale because of this failure. And his reply clarified exactly what information Mr. Haslag sought to proffer. Taken as true, *see United States v. Haisten*, 50 F.4th 368, 372-73 (3d Cir. 2022) (reversing the denial of an inmate's § 2255 motion because an evidentiary hearing was required where the inmate's motion, "taken as true and evaluated in light of the existing record" pleaded a colorable claim of ineffective assistance of counsel), these facts are sufficient to warrant an evidentiary hearing under the *Strickland* test.

Without any strategic reason, it is unreasonable for an attorney not to seek a more favorable plea offer for his client via Government cooperation, particularly

when the client expressly directs his attorney to initiate cooperation discussions. *See Byrd v. Skipper*, 940 F.3d 248, 253, 257 (6th Cir. 2019) (holding counsel's performance was deficient for failing to seek a plea offer in favor of going to trial and relying on a legally erroneous defense after the defendant asked counsel to initiate plea discussions). While the Court faults Mr. Haslag for failing to show Mr. Smith's failure was "not strategic" or "otherwise unreasonable" (Doc. 18 at 6), the failure to pursue a favorable plea offer when expressly directed to do so by a client is patently unreasonable, and warrants an evidentiary hearing where Mr. Haslag may prove the unreasonableness he already has alleged.

Mr. Haslag's § 2255 motion also stated the proffer information *did* become stale after Mr. Smith failed to seek a meeting with the government (Doc. 1 at 15). The Court considered this a conclusory allegation, but this is far from a "[t]hreadbare recital of the element[] of a cause of action …." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mr. Haslag's motion did more than merely allege he was prejudiced by Mr. Smith's failure, it stated the information in Mr. Haslag's possession became stale as a result of Mr. Smith's failure to seek a proffer session.

It is the information's staleness that gives rise to *Strickland* prejudice, as there is at least a "reasonable probability" of a more favorable plea offer if the information truly was stale by the time Mr. Smith withdrew from representing Mr. Haslag. *See Byrd*, 940 F.3d at 259 (*Strickland* prejudice shown when a movant demonstrates a "more favorable outcome would have been likely but for counsel's errors"). Whether the information truly was stale when Mr. Smith withdrew is a question of fact this Court only can decide after an evidentiary hearing.

The Court's judgment erroneously declares the well-pleaded facts in Mr. Haslag's motion to be mere conclusions. The Court now should set aside its judgment and grant Mr. Haslag an evidentiary hearing on this issue.

**D. Alternatively, the Court should issue a certificate of appealability to permit the Eighth Circuit to decide a novel issue of Sixth Amendment law.**

Finally, the Court declined to grant Mr. Haslag a certificate of appealability because it concluded his pleadings failed to make "a substantial showing of the denial of a constitutional right" (D18 at 7) (quoting 28 U.S.C. § 2253(c)(2)). A movant meets this standard if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2005) (internal quotations and citations omitted). Mr. Haslag need not prove an appeal will be successful. *Id.* at 337. Rather, he "must prove something more than the absence of frivolity or the existence of mere good faith on his … part." *Id.* at 338 (internal quotation and citation omitted).

As Mr. Haslag explained in his reply and this motion, he has made substantial showings of the denial of his right to the effective assistance of counsel based on Mr. Smith's conflict of interest and failure timely to seek a proffer. On the proffer point in particular, a certificate of appealability should be issued to permit the Eighth Circuit to address a question of law not yet resolved in this jurisdiction. As Mr. Haslag explained in his reply, his § 2255 motion presents a novel question of law: what is required to prove prejudice in the context of an ineffective assistance of counsel claim challenging an attorney's conduct during plea negotiations. The Fourth, Sixth, and Seventh Circuits each have held that when counsel's deficient performance prevents such a defendant from seeking a favorable offer, prejudice can be shown without first proving the Government actually made a plea offer. *See United States v. Pender*, 514 F. App'x 359, 360-61 (4th Cir. 2013) (per curiam); *Byrd*

*v. Skipper*, 940 F.3d 248, 252, 255-56 (6th Cir. 2019); *Delatorre v. United States*, 847 F.3d 837, 846 (7th Cir. 2017). The Eighth Circuit has not yet decided this issue.[1]

This Court's resolution of the conflict of interest and proffer claims warrants a certificate of appealability because "reasonable jurists would find [its] assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (internal quotations and citations omitted). If the Court is not inclined to grant an evidentiary hearing on the issues presented in this motion, it should amend its judgment to grant the certificate.

## Conclusion

The Court denied Mr. Haslag an evidentiary hearing in part by applying the incorrect legal standard to his conflict-of-interest claim. It also failed to consider further facts set forth in his § 2255 reply and erroneously characterized an important well-pleaded fact as a conclusory allegation. Therefore, the Court should set aside its judgment and grant Mr. Haslag an evidentiary hearing on both issues. Alternatively, the Court should amend its judgment and issue a certificate of appealability.

---

[1] In *Ramirez v. United States*, a defendant alleged his counsel was ineffective for failing "to inform him of the government's interest in a cooperation agreement." 751 F.3d 604, 605 (8th Cir. 2014). The Eighth Circuit affirmed the district court's denial of the claim because he could not establish prejudice, in the course of which it observed "the government never extended [him] a formal plea offer …" *Id.* at 608. But the real problem in *Ramirez* was the defendant "never expressed a willingness to cooperate or indicated that he possessed information that would benefit the government," and so he could not "show a reasonable probability that [a] plea would have been entered without the prosecution canceling it." *Id.* So, under the totality of those circumstances, there was no reasonable showing that a plea offer ultimately would be accepted. *Id.*

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
    Jonathan Sternberg, Mo. #59533
    Brody Sabor, Mo. #73421
    2323 Grand Boulevard #1100
    Kansas City, Missouri 64108
    Telephone: (816) 292-7020
    Facsimile: (816) 292-7050
    jonathan@sternberg-law.com
    brody@sternberg-law.com

    COUNSEL FOR MOVANT
    LEIF HASLAG

Certificate of Service

    I certify that on July 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of that filing to all parties.

/s/Jonathan Sternberg
Attorney